**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:19-CV-00185-HBB**

**HAROLD D. JACKSON**                                                                                     **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                            **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Harold D. Jackson ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 12) and Defendant (DN 17) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered March 17, 2020 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on July 15, 2015 (Tr. 15, 221-25, 226-31). Plaintiff alleges to have become disabled on March 15, 2010, as a result of diabetes, chronic obstructive pulmonary disease ("COPD"), pancreatitis, nausea, constipation, hepatitis C, chronic pain in his back, neck, and legs, edema, kidney problems, burning or difficult urination, sleep problems, tendonitis in both hands, depression, anxiety, and poor memory and focus (Tr. 15, 60-61, 77-78, 92, 110). These claims were initially denied on January 15, 2016, and the denial of the claims were affirmed upon reconsideration on July 5, 2016 (Tr. 15, 75, 88, 107-108, 124). Administrative Law Judge Dwight Wilkerson ("ALJ") conducted a video hearing from Louisville, KY on July 24, 2018 (Tr. 15, 34). Virtually present at the hearing from Bowling Green, KY was Plaintiff and his attorney Charles Burchett (Id.). During the hearing, Sharon Lang testified as a vocational expert (Tr. 15, 34-35).

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2013 (Tr. 17). At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2020, the alleged onset date (Id.).

At the second step, the ALJ determined Plaintiff has the following severe impairments: diabetes with peripheral neuropathy, osteoarthritis, COPD, history of hepatitis C, history of substance abuse, anxiety, and depression (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 18).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he

can occasionally push/pull with the lower extremities; he cannot climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, balance, kneel, crouch, and crawl; he can perform frequent, but not constant handling, fingering, and feeling; he must avoid unprotected heights and concentrated exposure to temperature extremes, humidity, pulmonary irritants, and vibration; he is able to perform at least simple, routine repetitive tasks in a work environment that is not highly stressful, specifically, a work environment without strict quotas, fast pace, frequent changes, or more than occasional interaction with the public (Tr. 19). The ALJ found that Plaintiff is unable to perform any past relevant work (Tr. 23).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience, in addition to testimony from the vocational expert (Tr. 23-24). The ALJ found that Plaintiff is able to perform a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 15, 2010, through the date of the decision (Tr. 24-25).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 219-20). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y

of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

4

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 5

1. Arguments of the Parties

Plaintiff argues that the ALJ erred in determining Finding No. 5, Plaintiff's RFC, on two grounds: (1) the ALJ failed to properly consider and apply the limiting effects of Plaintiff's blood sugar fluctuations that result from his diabetic condition; and (2) the ALJ failed to properly dictate

the limitations imposed on Plaintiff's balancing, as required by Social Security Rule ("SSR") 96-9p (DN 12 PageID 720-26). Plaintiff recounts instances of black outs and high blood sugar fluctuations to emphasize the ALJ's lack of analysis and claims the ALJ "altogether ignores the Plaintiff's allegations of symptom interference" (Id.). Further, Plaintiff claims the ALJ's "RFC description does not explain the type of balancing that is limited" and without it, "it is impossible to … determine the extent of erosion of the occupational base" (Id. at PageID 726).

Defendant, in contrast, asserts that the ALJ's finding is supported by substantial evidence in the record, cited in his ultimate determination, and "the ALJ acknowledged that Plaintiff's diabetes significantly limited his ability to perform basic work requirements …, found that his diabetes with peripheral neuropathy was a severe impairment, and considered his diabetic condition throughout the sequential evaluation process" (DN 17 PageID 742). As such, Defendant contends "the [ALJ's] decision demonstrates that the ALJ appropriately evaluated all of Plaintiff's subjective allegations regarding all of his impairments under the regulations," and "reasonably considered the medical record, Plaintiff's testimony, and other factors" to show the ALJ's decision was supported by substantial evidence (Id. at PageID 748, 750).

2. Discussion

The RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). The ALJ makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a), 416.946(c). Thus, in making the RFC finding the ALJ must necessarily

assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a), 416.927(c), 416.929(a).

Plaintiff asserts his diabetes as a predominant factor in finding he was disabled, and Plaintiff claims an onset date of March 10, 2010. Contentions arose regarding when Plaintiff's diabetes was diagnosed and began treatment. The ALJ discussed, and the medical records show, Plaintiff's diabetes was noted with an onset date of April 21, 2014 (Tr. 396, 401, 404, 433, 436). But Plaintiff claims he was diagnosed in 2011 and began insulin soon thereafter (Tr. 377, 388, 416, 579). Regardless of the diagnosis date, the same standard of review and analysis will govern the Court's review of Plaintiff's assertion that the ALJ did not appreciate the severity of Plaintiff's diabetes and insufficiently described the relationship between the medical evidence and the RFC. As a result of his diabetes, Plaintiff claims he suffers from "black out spells", distorted vision, and difficulty walking due to sugar fluctuations (DN 12 PageID 722); (Tr. 39, 48, 258-60, 337).

First and foremost, the ALJ explicitly noted that "[i]n making this finding, the [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, based on the requirements of 20 C.F.R. [§§] 404.1529 and 416.929 and SSR 16-3p" (Tr. 19). The ALJ then recounted the standard for evaluating Plaintiff's complaints and notations regarding pain and other symptoms, pursuant to 20 C.F.R. §§ 4041529(a) and 416.929(a) (Id.).

In the ALJ's determination, he discusses Plaintiff's claims of diabetes, how Plaintiff suffers from neuropathy in his hands and feet as a result of his diabetes, and his blackouts (Tr. 20). Specifically, the ALJ noted claims that "[t]he numbness in [Plaintiff's] hands cause him to drop things often. He cannot stand for more than 30 minutes before needing to change position.

7

He cannot lift more than 4 to 6 pounds. He cannot walk more than 40 feet before his feet are completely numb" (Id.). Further, the ALJ recounts from Plaintiff's testimony and records that Plaintiff does not drive or do any yardwork, relies extensively on his brother and mother for most household activities, and estimates he is lying down for 60-70% of the day (Id.).

When reviewing Plaintiff's blood sugar and diabetic care, the ALJ explicitly noted Plaintiff's care was "ongoing and as recent as April 2018, [Plaintiff] had a glucose reading over 500" (Tr. 20) (citing Tr. 610-36). Continuing with treatment, the ALJ cited to Plaintiff's reports of being insulin dependent since approximately 2010, while the ALJ noted the contention in diagnosis mentioned above (Tr. 20) (citing Tr. 376-86); *see also* (*Compare* Tr. 396, 401, 404, 433, 436, *with* Tr. 377, 388, 416, 579).

Plaintiff cites a myriad of blood glucose readings to highlight the fluctuations that occurred with Plaintiff's diabetes (DN 12 PageID 721-23). However, as noted above, the ALJ made the determination considering all symptoms and all evidence in the record (Tr. 19). When turning to the specific results, the ALJ noted one of the peaks reached by Plaintiff's blood glucose, even when reviewing the readings cited by Plaintiff (Tr. 20, 610-636); (DN 12 PageID 721-23). When reviewing the exhibits where Plaintiff's blood glucose readings were presented, the vast majority of all readings were cited in Exhibits 3F, 4F, 6F, 10F, and 19F (*Compare* DN 12 PageID 721-23, *with* Tr. 394-414, 415-46, 449-512, 532-64, 610-36). All of these exhibits were cited by the ALJ during his determination (Tr. 20-23). While the ALJ may not have enumerated each individual blood glucose reading, the results were still considered in the ultimate determination.

Therefore, the ALJ's determination of Plaintiff's physical RFC is supported by substantial evidence and sufficiently discusses and analyzes Plaintiff's diabetes.

8

Next, turning to Plaintiff's secondary argument claiming the ALJ's determination was deficient and worthy of remand based upon a lack of explanation about the type of balancing that is limited (DN 12 PageID 725-26). SSR 96-9p[1] details the policy interpretations when a Plaintiff's RFC is less than a full range of sedentary work. 96-9p notes that "[a]n RFC for less than a full range of sedentary work reflects serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare."

SSR 96-9p continues by stating "Postural limitations or restrictions related to such activities as … balancing,[2] … would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." While 96-9p notes "[i]t is important to state in the RFC assessment what is meant by limiting balancing," there is no definitive requirement for this explanation. Furthermore, SSR 96-9p states that "the mere inability to perform substantially all sedentary unskilled occupations does not equate with a finding of disability. There may be a number of occupations … that an individual may still be able to perform even with a sedentary occupational base that has been eroded."

When reviewing the Dictionary of Occupational Titles, which describe occupations present in the national marketplace based upon a variety of variables, the occupations the ALJ considered

---

1 https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-09-di-01.html.

2 Balancing, according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, means "maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. If an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base. However, if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base." SSR 96-9p, *supra* note 1.

9

from the vocational expert's testimony all apply to Plaintiff and do not involve issues of "balancing". All three occupations[3] have a sedentary strength rating, which means it "involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." Appendix C, Dictionary of Occupational Titles.[4]

In addition to the proposed occupations that coalesce with the ALJ's RFC determination, Plaintiff does not cite any law to support their assertion (DN 12 PageID 725-26). Instead, Plaintiff merely asks this Court to assume a restriction for all types of balancing (Id.). Thus, the supposedly important need for the ALJ to describe the limitations to balancing is not necessary in the present case.

As such, the ALJ's cumulative determination of Plaintiff's RFC of sedentary work with some limitations is supported by substantial evidence.

### Challenge to Finding No. 10

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion). Here, Plaintiff did not make any argument towards

---

3   Weight Tester (DOT 539.485-010); Zipper Trimmer (DOT 734.687-094); Polisher, Eyeglass Frames (DOT 713.684-038).

4   https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC.

a showing that Finding No. 10 was not supported by substantial evidence (DN 12 PageID 727). Instead, Plaintiff merely copies the ALJ's determination and then broadly states "Finding number ten is not supported by substantial evidence" (Id.). As such, this attempt to raise the argument standalone fails and is deemed waived.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

H. Brent Brennenstuhl
United States Magistrate Judge

October 23, 2020

Copies: Counsel of Record